**262 P.2d 1003**

**RINO v. STATEWIDE PLUMBING & HEATING CO., Inc.**

No. 7963.

Supreme Court of Idaho.

Nov. 4, 1953.

O. R. Baum, Ruby Y. Brown, R. M. Whittier, Zener & Peterson, Pocatello, for appellant.

Louis F. Racine, Jr. and Ben W. Davis, Pocatello, for respondent.

PORTER, Chief Justice.

In May, 1947, respondent was having constructed a building in the City of Pocatello. The structure was a warehouse with offices and was 80 feet wide and 120 feet long. Respondent entered into an oral contract with appellant whereby appellant agreed to design, furnish and install a proper and adequate heating system in said building. The work of installing the heating system was completed by appellant in the month of November, 1947.

The heating plant installed by appellant consisted in a general way of a boiler, oil burner, tanks, pipes, ducts, blowers and other installations incident thereto. The heating system as installed did not work satisfactorily and periodically exploded, throwing smoke and soot on the walls of the building and on the merchandise of respondent. Upon the complaints of respondent, appellant made changes from time to time in·such heating plant but such changes did not remedy the inadequacy of the heat furnished or cause the system to work satisfactorily. Finally, appellant refused to make further repairs or alterations and respondent installed a coal burning plant in the year 1950, at a cost of $2,475.

Respondent brought this action in April, 1951, to recover damages for breach of contract and alleged in his amended complaint that the heating system as installed by appellant was inadequate and insufficient and faulty of design and construction. He further alleged he had paid $4,278.44 on the contract price of $5,991.57; had paid out $3,315.08 in an effort to correct the faulty heating plant; and had suffered a loss of $1,500 by damage to his merchandise. He prayed judgment for the total of these amounts. Appellant by its answer alleged that the failure of the heating system to function properly was caused by the failure and refusal of respondent, acting through his general contractor, to build the smoke-stack to the proper and necessary height. By may of cross-complaint appellant admitted that respondent had paid the sum of $4,278.44 and alleged that there was a balance due on the contract of $1,888.72 for which sum appellant prayed judgment.

Upon the trial of the cause the jury returned a verdict in favor of respondent in the sum of $2,500 to which verdict it added the following words, "and possession of heating equipment in Mr. Rino's building on 1800 Block North Main belongs to Mr. Rino." Judgment was entered in accordance with the verdict. From such judgment appellant has appealed to this court.

By Assignment of Error No. 1, appellant alleges that the court erred in refusing to grant its motion for nonsuit. By Assignment of Error No. 2, appellant alleges that the court erred in refusing to grant its motion for directed verdict. Both these motions were based upon the theory that respondent had failed to show that the improper and inadequate operation of the heating system was due to faulty design, construction and installation by appellant; and on the contrary, that the evidence conclusively showed that such improper and inadequate operation was due to the inadequacy of the smoke-stack erected by respondent.

 It is not denied that the heating system failed to function properly and adequately. Testimony as to the cause for such failure was introduced in detail. On substantial though conflicting evidence, the jury found against the contentions of appellant. It is well established that we will not disturb the findings of the jury under such circumstances. Summerfield v. Prin-

gle, 65 Idaho 300, 144 P.2d 214; Fenton v. King Hill Irr. Dist., 67 Idaho 456, 186 P.2d 477; Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985.

The remaining assignments of error by appellant attack certain instructions given by the court and certain instructions requested by appellant and refused by the court. These assignments of error, in effect, raise two additional points. Under the first point, appellant contends the transaction was a sale and that respondent's right to maintain his action and the amount of his recovery are governed by the Uniform Sales Law and in particular, by Sections 64–506 and 64–507, I.C.

 With appellant's contention that the transaction was a sale, we cannot agree. The contract was not merely for the sale of an ordinary furnace readily saleable to others, and for the furnishing of the labor incidental to the installation thereof. It was a contract for the furnishing of the labor and materials for designing, building and installing a special heating system as an integral part of the building being erected by respondent. Sidney Stevens Implement Co. v. Hintze, 92 Utah 264, 67 P.2d 632, 111 A.L.R. 331, Annotation 341; 37 C.J.S., Frauds, Statute of, § 141 c, pages 627–629; 77 C.J.S., Sales, § 2, pages 584–585; Steiger Terra Cotta & Pottery Works v. City of Sonoma, 9 Cal.App. 698, 100 P. 714. In Brown & Haywood Co. v. Wunder, 64 Minn. 450, 67 N.W. 357, 32 L.R.A. 593, the syllabi read as follows:

"1. A verbal contract for the manufacture of articles of special and pecular design, not suitable for the general trade, and for the price of more than $50, is not a contract for the sale of goods and chattels, within the statute of frauds. Gen.St. 1894, § 4210 [M.S.A. § 512.04].

"2. A verbal contract to furnish material, and, after performing labor thereon, attach it to the realty, as a part of a building in the course of construction, is not a sale of goods or chattels, and is not within said statute."

■ The question of rescission discussed by appellant is not material in this case. The amended complaint does not allege rescission. There was no offer to place appellant in status quo. It is doubtful if the remedy of rescission would have been available to respondent due to the length of time that the heating system had been used and since respondent had received, utilized and could not return the benefits of a considerable part of appellant's labor and materials. 9 Am.Jur., Building and Construction Contracts, Sec. 40, p. 30.

The damages sustained by respondent did not consist of a failure to supply items or the use of defective items, the cost of which could be readily ascertained and which could be readily supplied or replaced. The entire heating system was faulty and inadequate and had largely become an inherent part of respondent's structure and such facts invoke a measure of damages different from the expense of making the work conform to contract requirements. 9 Am.Jur., Building and Construction Contracts, Sec. 43, p. 33; 9 Am.Jur., Building and Construction Contracts, Sec. 152, pp. 89–90.

■ In Idaho we have generally followed, where appropriate, the "out-of-pocket" rule rather than the "benefit-of-bargain" rule. Jesse M. Chase, Inc. v. Leonard, 69 Idaho 109, 203 P.2d 600; Weitzel v. Jukich, 73 Idaho 301, 251 P.2d 542. The measure of damages generally under circumstances such as we find in this case is the difference between the contract price and the reasonable value of the heating system actually installed. However, in the instant case, respondent has not paid the full contract price and the measure of his damages, if he be entitled to recover, is the difference between the amount actually paid by respondent and the reasonable value of the heating system received. In addition, respondent would be entitled to recover for any special damages sufficiently alleged and proved.

■ The second point raised by appellant's assignments of error is that the court erred in failing to instruct the jury as to the measure of damages. The appellant requested eight instructions as to the measure of respondent's damages or in connection with claimed items thereof. While the requested instructions on the measure

of damages did not set out strictly the correct measure of damages as herein determined, the requests for instructions on the measure of damages made it the duty of the court to give correct instructions on such point. Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Investors' Mortgage Security Co. v. Strauss & Co., Inc., 50 Idaho 562, 298 P. 678; Nash v. Meyer, 54 Idaho 283, 31 P.2d 273; Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co., 64 Idaho 474, 133 P.2d 1017; Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; State v. Huskinson, 71 Idaho 82, 226 P.2d 779.

The only instruction given by the court on measure of damages was "that the plaintiff is entitled to such damages necessarily and reasonably suffered by him". It was prejudicial error for the trial court to fail to instruct the jury as to the measure of damages in the event of a recovery by the plaintiff.

Respondent seeks to obviate the error of the court in failing to instruct the jury as to the measure of damages by contending that the evidence shows the property retained by respondent was worth about $1,500 and that the jury by its verdict allowed respondent to retain such property and gave judgment for $2,500; that such verdict is sustained by substantial evidence and is predicated on the correct measure of damages; and that an instruction on the correct measure of damages would not have made any difference in the verdict. With this view we cannot concur. The part of the verdict awarding possession of the heating plant to respondent is surplusage, as ownership or right of possession of the same was not an issue in the case. It is impossible to tell what value the jury placed upon the services and equipment received and retained by respondent or upon what basis they arrived at the sum of $2,500 damages.

The judgment of the trial court is reversed and the cause remanded for new trial. Costs awarded to appellant.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.