AUTHORIZED SUPPLY COMPANY OF ARIZONA, a corporation, Appellant,

v.

SWIFT & COMPANY, a corporation; Arizona York Refrigeration Company, a corporation, and Southern Arizona York Refrigeration Company, a corporation, Appellees.

ARIZONA YORK REFRIGERATION COMPANY, a corporation and Southern Arizona York Refrigeration Company, a corporation, Appellants,

v.

SWIFT & COMPANY, a corporation, Appellee.

No. 16274.

United States Court of Appeals Ninth Circuit.

April 21, 1960.

Rehearing Denied June 16, 1960.

For original opinion, see 271 F.2d 242.

May, Lesher & Dees, Tucson, Ariz., for Authorized Supply Co.

Darnell, Holesapple, McFall & Spaid, Tucson, Ariz., for Arizona York Refrig. Co.

Boyle, Bilby, Thompson & Shoenhair, Richard B. Evans, B. G. Thompson, Jr., Tucson, Ariz., for appellee.

Before ORR, POPE and JERTBERG, Circuit Judges.

PER CURIAM.

We granted appellee Swift & Company's petition for rehearing in order to consider such appellee's contention that our decision reported in 271 F.2d 242 sanctions partial rescission of an indivisible, non-severable contract for the sale of goods.

Our conclusions in that opinion were predicated on the following statement which appears on page 244:

"It is clear from the pleadings, the evidence, and the plaintiff's brief filed in this Court that plaintiff seeks recovery of damages against defendants only on a theory of breach of express and implied warranties of a contract for the sale of goods."

We adhere to the conclusions stated in that opinion based on the quoted statement. On this rehearing appellee Swift & Company has practically, if not completely, abandoned the theory upon which the case was presented to us, both by briefs and oral arguments—i. e., that the transaction between appellee Swift & Company and appellants Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company is a contract for the sale of goods falling within the confines of the provisions of the Uniform Sales Act, Section 44–201 et seq. of Arizona Revised Statutes. In its brief filed after rehearing was granted appellee Swift & Company states:

"In the final analysis, the case before this court involves essentially three parties and two separate transactions, one a sale and the other a contract for work, labor and materials. The transaction between two of the parties—Authorized Supply and Arizona York—wherein the former furnished the latter refrigerator coils to be installed in Swift's plant, was without doubt a sale under the Uniform Sales Act. On the other hand, the transaction between Swift and Arizona York whereby the latter agreed to the installation of a complete, fully automatic refrigeration system in the former's plant was a contract for work, labor and materials."

No such contention appears in such appellee's brief filed prior to the original hearing, nor was it mentioned by such appellee on oral argument.

■ Before considering Swift & Company's contention as against appellants

Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company, we will dispose of the appeal of appellant Authorized Supply Company of Arizona from the judgment over rendered in favor of the other appellants. We are satisfied that the transaction between Authorized Supply Company of Arizona and Arizona York Refrigeration Company, a corporation, is a contract for the sale of goods and within the purview of Section 44–201 et seq. of Arizona Revised Statutes. The situation existing between these two parties was completely covered in our original opinion and for the reasons and on the grounds stated, we adhere to our original opinion reversing such judgment.

We have re-examined the entire record and have reached the conclusion that in the interest of justice we should consider appellee Swift & Company's new contention on this rehearing regardless of such appellee's failure to present such contention on the original appeal.

■ Our re-examination of the record has convinced us that the contract between appellee Swift & Company and appellants Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company is not a contract for the sale of goods within the meaning of the Uniform Sales Act. Count 1 of Swift & Company's amended complaint alleged as follows:

"On or about May 31, 1955, defendant Arizona York Refrigeration Company entered into a contract with plaintiff to do certain work for plaintiff at 950 East 17th Street, Tucson, Pima County, Arizona."

Said count further alleged that the defendant expressly warranted "all equipment, material and workmanship furnished by defendants against defects". It alleged the breach of the warranty through the escape of ammonia from defective equipment installed by the defendant.

The contract introduced in evidence called "Articles of Agreement" is designated as a "building contract". Under this contract Arizona York Refrigeration Company agreed to provide all of the materials and to perform all of the work for the installation of a complete, fully automatic refrigeration system for Swift & Company's plant. It was expressly provided in said contract:

"That the design, material, and workmanship, of the machinery and all parts of the plant furnished and installed by the contractor shall be first-class in every respect, and suitable for the purpose intended. That all parts furnished by contractor are to operate and perform their functions properly and prove durable in reasonable service."

The contract refers to plans and specifications, but the plans were not introduced into evidence. The contract contains provisions under which the contractor agreed to protect the owner against mechanics' liens. Clearly appellee Swift & Company was contracting for an addition to and an improvement of its real property and unquestionably the results of the work called for would constitute a part of the building on the real estate involved. In our view such a contract is one for "work, labor and materials". Crystal Recreation, Inc. v. Seattle Association of Credit Men, 34 Wash.2d 553, 209 P.2d 358, 362; Rino v. Statewide Plumbing & Heating Co., 74 Idaho 374, 262 P.2d 1003, 1005; United States v. San Francisco Electrical Contractors Association, D.C.N.D.Cal., 57 F.Supp. 57, 67.

The district court found on sufficient evidence that "because of defects in one of the Bush coils furnished plaintiff by defendant Arizona York Refrigeration Company, large quantities of ammonia gas escaped from the refrigeration system in plaintiff's plant and permeated various portions of plaintiff's plant, thereby contaminating and damaging large quantities of plaintiff's products stored in the plant".

As conclusions of law, the district court concluded that under the contract Arizona York Refrigeration Company expressly warranted to Swift & Company that the refrigeration system was con-

structed of durable, sound materials and that said system was fit and suitable to safely and efficiently refrigerate and freeze meat products stored in said plant, and that the defects in the refrigeration coils which caused the escape of ammonia and gas constituted a breach of such express warranties.

We are satisfied from our review of the record that the relevant findings of fact of the trial court are amply supported by the evidence. We find no error in the conclusions of law reached by the district court.

We have considered other points urged by Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company and find them to be without merit.

The judgment entered by the district court in favor of Swift & Company and against Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company is affirmed. As heretofore stated, the judgment over in favor of Arizona York Refrigeration Company and Southern Arizona York Refrigeration Company and against Authorized Supply Company of Arizona remains reversed as stated in our original opinion.