ANDY G. MAINLAND, a.k.a. A. G. MAINLAND, d.b.a. SHOCK ELECTRIC COMPANY, Appellant, v. ALFRED BROWN COMPANY, a Corporation, Respondent.

No. 5839

December 2, 1969                461 P.2d 862

*Robert Callister,* of Las Vegas, for Appellant.

*Singleton, De Lanoy, Jemison & Reid,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an action by an electrical subcontractor against the general contractor to recover the value of electrical equipment and materials delivered to the job site and destroyed by fire. Neither party was responsible for the fire. The materials so delivered had not been installed in the building under construction. The written subcontract obligated the subcontractor to furnish and install all electrical work for the building for a stipulated price and provided for progressive monthly payments of 90 percent of the work performed in the preceding month according to estimates thereof approved by the general contractor and the owner. It also required the subcontractor to assume toward the general contractor all relevant obligations which the general contractor owed to the owner under the prime contract. The subcontract did not designate who should bear the risk of loss for the destruction by fire of delivered but uninstalled materials. The subcontractor contended that title to those materials and the risk of loss had passed upon delivery to the job site. Subordinately, he argued that he replaced the destroyed materials and completed his subcontract upon the

oral assurance of the general contractor that he would be reimbursed.

The district court placed the risk of loss upon the subcontractor. Additionally, that court found that the oral assurance of payment was without consideration and unenforceable. Accordingly, relief was denied. We affirm that determination.

1. The subcontract was for labor and materials to be incorporated into a building and was not a contract of sale. Aced v. Hobbs-Seasack Plumbing Co., 360 P.2d 897 (Cal. 1961); Authorized Supply Co. of Arizona v. Swift & Co., 277 F.2d 710 (9 Cir. 1960); Rino v. Statewide Plumbing & Heating Co., 262 P.2d 1003 (Idaho 1953). Therefore, sales concepts regarding the passing of title and risk of loss are inapposite.[1] One who contracts unqualifiedly to erect a structure for a stipulated price enters into an entire contract to complete such work and must bear the losses resulting from its accidental destruction before completion unless the contract stipulates that he will not be responsible for losses occurring in such manner. Collins v. Post, 362 P.2d 325 (Ore. 1961); Bianchi v. Maggini, 17 Nev. 322, 332, 30 P. 1004 (1883). A subcontractor is in the same legal position with regard to his portion of the construction job. Collins v. Post, supra. Since the parties did not, by contract, shift the risk of loss, that risk remained with the subcontractor.

2. The oral assurance of reimbursement for that loss given by the contractor did not constitute an enforceable promise. The subcontractor was obligated to complete his contract notwithstanding such assurance. Consequently, that assurance, or promise, was given without consideration. Walden v. Backus, 81 Nev. 634, 408 P.2d 712 (1965).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]The appellant's brief and oral argument dwell upon "custom and usage" evidence tending to show that title to the destroyed materials had passed from the subcontractor to the owner. Since the owner is not a party to this case, and since the subcontract is not a contract of sale, we dismiss this argument as irrelevant. Similarly do we reject as unsound the appellant's contention that the contract provision for progress payments indicated an intention to shift the risk of loss. That provision was for the convenience of the subcontractor in providing capital to purchase materials and pay workmen.