TRIDENT CONSTRUCTION CORP., a Nevada Corporation, ANDREW DeLILLO, SR., and VINCENT J. DeLILLO, Appellants, *v.* WEST ELECTRIC, INC., a Nevada Corporation, Respondent.

No. 19097

June 30, 1989 776 P.2d 1239

[Rehearing denied November 21, 1989]

*Leslie M. Stovall,* Las Vegas; *Wells, Kravitz, Schnitzer, Sloan & Lindsey,* Las Vegas, for Appellants.

*George D. Frame,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

A.V.A. Enterprises, Inc. (AVA) acquired the Polynesian Hotel and Casino in Las Vegas, in May of 1985. Vincent DeLillo and Andrew DeLillo, Sr. were the only shareholders of AVA. Trident Construction Corp., (Trident) entered into a standard form owner/contractor agreement with the Polynesian Hotel, whereby Trident was to supervise a large scale remodel of the casino. Trident obtained the necessary building permits, which, on their face, named Trident as the contractor. The permits indicated that the owner of the job site was the Polynesian Casino.

Trident entered into a written subcontract agreement with West Electric, Inc. (West) to perform electrical work at the Polynesian Hotel for $48,775.00. Trident paid West $15,000.00 from Trident's general checking account as a progress payment. West completed the project, but received no further compensation, leaving an outstanding balance of $33,775.00. After completing its contract with Trident, West entered into an oral agreement with AVA to perform additional work on the casino. AVA also failed to pay West leaving a balance owed on the second contract of $4,975.00.

West timely filed a mechanic's lien against AVA and the Polynesian Hotel for the outstanding debt. Thereafter, West entered into a settlement agreement with the Polynesian Hotel, whereby West would accept $28,500.00 in satisfaction of the outstanding debt and would release its lien against the hotel. The parties executed the settlement agreement on Polynesian Hotel stationery, and provided that the Polynesian Hotel would be obligated under the agreement. Vincent DeLillo signed the agreement without indicating his capacity as an officer of AVA. Although West released its lien, it never received any of the $28,500.00.

West sued Trident, the Polynesian Hotel, AVA Enterprises, Inc., James Donofrio and and the Estate of Frances Donofrio, individually, and as owners of Trident, and Vincent DeLillo and Andrew DeLillo, Sr., individually, and as owners of AVA. The complaint alleged that AVA Enterprises was a corporation doing business in Nevada. The district court granted a motion for summary judgment as to the Donofrios individually, upon a showing that Trident was a corporation in good standing with the Nevada Secretary of State.

After trial on the merits, the district court found that Trident was the general contractor of the Polynesian Hotel project, that West was a subcontractor, and that Trident and the DeLillos individually were jointly and severally liable to West.

Trident and the DeLillos moved the district court to amend its findings of fact and conclusions of law, asserting that the district court failed to set forth sufficient facts upon which the court relied to support its judgment against them, as mandated by NRCP 52(a). The district court denied their motion.

### The Liability of Trident

This court has held numerous times that findings of fact and conclusions of law must be upheld if supported by substantial evidence, and may not be set aside unless clearly erroneous. Pandelis Constr. Co. v. Jones-Viking Assoc., 103 Nev. 129, 734 P.2d 1236 (1987); Ivory Ranch, Inc. v. Quinn River Ranch, Inc., 101 Nev. 471, 705 P.2d 673 (1985); Joseph F. Sanson Inv. Co. v. Cleland, 97 Nev. 141, 625 P.2d 566 (1981); Landex, Inc. v. State ex rel. List, 94 Nev. 469, 582 P.2d 786 (1978). Additionally, in the absence of express findings of fact by the district court, the supreme court will imply findings where the evidence clearly supports the judgment. Cooper v. Pacific Auto. Ins. Co., 95 Nev. 798, 603 P.2d 281 (1979).

Specifically, Trident contends that the evidence does not support a finding that it was working as a general contractor. Trident maintains that it was merely the construction coordinator, and therefore, was in an agency relationship with AVA. We find it unnecessary to consider whether Trident was a general contractor or a construction coordinator, and consider only whether substantial evidence supports the judgment.

Trident contracted with West for the work. AVA was not a party to that contract. Trident obtained the building permits, accepted the bids and supervised all work, and paid West out of its general account. NRS 624.020 provides in relevant part:

> 2. A contractor is any person, . . . acting solely in his professional capacity, who in any capacity other than as the employee of another with wages as the sole compensation, undertakes to, . . . construct, alter, repair, . . . any building . . . or other structures or works in connection therewith. *Evidence of the securing of any permit from a governmental agency . . . shall be accepted by . . . any court of this state as prima facie evidence that the person securing such permit . . . is acting in the capacity of a contractor. . . .*
>
> 4. A contractor within the meaning of this chapter includes a construction manager who performs management and counseling services on a construction project for a professional fee.

(Emphasis added.)

Although not specifically set out in the findings of fact and conclusions of law, the district court considered the evidence before it and determined that Trident did not carry its burden in light of the prima facie case against it. The district court's finding that Trident was the general contractor on the Polynesian Hotel project was supported by substantial evidence. Where the trial court, sitting without a jury, makes a determination predicated upon conflicting evidence, that determination will not be disturbed on appeal where supported by substantial evidence. Dickstein v. Williams, 93 Nev. 605, 608, 571 P.2d 1169, 1171 (1977).

## The Liability of the DeLillos

The district court additionally found that Vincent DeLillo and Andrew DeLillo, Sr., individually, were jointly and severally liable with Trident for $38,541.25, plus interest. The DeLillos contend that the district court erred in so finding. According to the DeLillos, the district court did not set forth any facts in its findings of fact and conclusions of law supporting its determination that the DeLillos personally guaranteed a corporate debt of AVA.

Extension of personal liability to Vincent DeLillo is based on his signature appearing on the settlement agreement, without reference to his corporate capacity. Consequently, we must decide whether Vincent DeLillo's signature, without a statement acknowledging that he was acting for the corporation, is sufficient evidence to support a finding of personal guaranty for the debts of AVA.

Failure of the officer signing a contract to add their title of office is not ordinarily fatal to the validity of a corporate contract. Kenneally v. First National Bank of Anoka, 400 F.2d 838, 841 (8th Cir. 1968) (the omission of the signer's title will not affect the validity of the instrument where it is clear the instrument was signed in an official capacity), *cert. denied,* 393 U.S. 1063 (1969). Where the contract on its face is a contract of the corporation and the other parties have notice of the officer's relation to the corporation, the contract will be upheld. Gulf & Basco Co. v. Buchanan, 707 S.W.2d 655 (Tex.Ct.App. 1986).[1] If

---

[1]The court in *Buchanan* noted:

A survey of authorities treating the manner of execution of agreements indicates that there is no clear mode of signature that will absolutely fix or avoid personal liability. A signature followed by corporate office will result in personal liability where the individual is clearly designated

the intent to make a corporate contract appears from the acts of the parties and the entire circumstances taken together with the subject matter of the deal, a corporate officer signing in his individual name only does not necessarily show that the person was acting in other than his official capacity for the corporation. 7 Fletcher, Cyclopedia of the Law of Private Corporations § 3035 (1988).

In Rowland v. Lepire, 99 Nev. 308, 662 P.2d 1332 (1983), this court enunciated the standard of proof for showing alter ego based on an allegation of undercapitalization. "[I]t is incumbent upon the one seeking to pierce the corporate veil, to show by a preponderance of the evidence, that the financial setup of the corporation is only a sham and caused an injustice." *Id.* at 317, 662 P.2d at 1337. By analogous reasoning, we believe it is incumbent upon the one seeking to extend personal liability to an officer of a corporation for a corporate debt, to show by a preponderance of the evidence, that the officer intended to be personally bound, and that the creditor was looking to the officer as the guarantor of the debt.

The agreement bearing Vincent DeLillo's signature was on Polynesian Hotel letterhead. The language of the settlement agreement expressly obligated the Polynesian Hotel. It is clear from his testimony that Mr. West was looking to AVA for payment, and not to the DeLillos personally. Additionally, respondent did not offer proof that AVA was not a valid corporation.

The record is not clear upon what other evidence, if any, the district court relied when assessing personal liability. Facts supporting findings may not be implied when the record is unclear as to what those facts were. Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970). Findings of fact can only be set aside when they are clearly erroneous, and not supported by substantial evidence. Pandelis Constr. Co. v. Jones-Viking Assoc., 103 Nev. 129, 734 P.2d 1236 (1978). Vincent DeLillo's failure to indicate his corporate capacity is not substantial evidence demonstrating his intent to be personally liable. Accordingly, we reverse the district

within the instrument as personal surety for the principal. (Citations omitted). Yet this court has held that the failure of a corporate officer to affix his corporate capacity to his signature does not make it a contract of the individual officer where the contract on its face is a contract of the corporation and the other parties have notice of his relation to the corporation.

707 S.W.2d at 657, 658.

court's finding that extended personal liability to Vincent DeLillo for the corporate debt of AVA.

Andrew DeLillo, Sr.'s only association with this case was found in the complaint, where he was named individually, and doing business as AVA. The record does not mention Andrew DeLillo, Sr. in any meaningful context. Respondent presented no evidence showing Andrew's relationship to AVA, nor did respondent present any evidence showing that AVA was not a valid corporation. No documents were presented bearing his signature. Consequently, this court is not faced with whether there was substantial evidence to support the judgment, but rather whether the judgment was supported by any evidence at all. We conclude that it was not, and therefore, the judgment is clearly erroneous. *Pandelis Constr. Co.*, 103 Nev. 129, 734 P.2d 1236. Accordingly, we reverse the district court's finding that Andrew DeLillo, Sr. was personally liable for the corporate debts of AVA.

### Liability for Additional Work Performed

The district court imposed liability against Trident and the DeLillos, jointly and severally, for the total amount owed on all work performed by West on the Polynesian Hotel. Trident was a party to the original subcontractor agreement only; it was not involved with West's subsequent contract with AVA. No evidence supports imposition of liability on Trident for any of the amount owed pursuant to the subsequent oral contract between AVA and West.

### Attorney Fees

The district court awarded $11,000.00 in attorney fees to West. The district court did not set forth any basis for this award in its findings. From a review of the record it is not clear that the defense imposed by the DeLillos was "without reasonable ground or to harass the prevailing party." *See* NRS 18.010(2)(b). Therefore, this court cannot imply the facts supporting the award of attorney fees. *Pease,* 86 Nev. 195, 467 P.2d 109. Additionally, West recovered more than $20,000.00 by way of judgment. West therefore is not entitled to an award of attorney fees in this case. *See,* Guild, Hagen & Clark, Ltd. v. First Nat'l Bank, 95 Nev. 621, 600 P.2d 238 (1979); NRS 18.010.

### CONCLUSION

The district court order denying Trident's motion to amend the

findings of fact and conclusions of law is affirmed. The judgment of the district court imposing personal liability on Vincent DeLillo and Andrew DeLillo, Sr. is reversed. Trident is liable for damages pursuant to the subcontractor agreement between Trident and West. Trident is not liable for the damages pursuant to the subsequent oral contract between AVA and West. The award of attorney fees is reversed.

We remand this case to the district court for modification of the judgment in accordance with this opinion.