E. TED HERMANN AND JANE D. HERMANN, A 1978 LIVING TRUST, APPELLANT, *v.* VARCO-PRUDEN BUILDINGS, RESPONDENT.

No. 20334

August 29, 1990

796 P.2d 590

*Woodburn, Wedge & Jeppson* and *William E. Peterson,* Reno, for Appellant.

*Bible, Hoy, Miller, Trachok & Wadams* and *Terrill R. Dory,* Reno; *Less & Scroggs* and *Joseph T. Getz,* Memphis, Tennessee, for Respondent.

## OPINION

*Per Curiam:*

This case involves a dispute concerning respondent's installation of a metal roof on appellant's warehouse. The principal issues in this appeal are whether the district court erred by finding that defects in the warehouse's eaves were not functionally substantial, whether the district court erred by not reducing the amount of respondent's mechanic's lien to reflect the costs needed to repair the eaves, and whether the district court wrongly

awarded compensation to respondent for uninstalled materials ruined in a flood of the construction site. We find the district court erred on all three of these issues.

## FACTS

Appellant, E. Ted Hermann and Jane D. Hermann, a 1978 Living Trust (Hermann), owns a large metal warehouse in Sparks, Nevada. Hermann and respondent, Varco-Pruden Buildings, a unit of AMCA International Corporation (AMCA), executed a subcontract to install the warehouse's roof for $969,845.00. The roof is quite large, approximately 250,000 square feet. It consists of thousands of individual metal panels. During installation of the roof, there were problems with misalignment of the panels. The misalignment and its effects resulted in this dispute between the parties. In addition, on or about February 17, 1986, torrential rains flooded the work site and damaged approximately $33,969.00 of uninstalled insulation and other materials belonging to Varco-Pruden.

Subsequently, a dispute arose as to the proper amount of Varco-Pruden's compensation. When Varco-Pruden was not paid the full contract price plus the sum for the insulation and other materials, it filed a mechanic's lien against the warehouse for the balance. Varco-Pruden later filed suit, seeking enforcement of the lien, damages, interest, and attorney's fees. Hermann subsequently filed a counterclaim against Varco-Pruden, asserting the roof was improperly constructed and that it suffered damages caused by Varco-Pruden's failure to timely complete the job.

At the conclusion of trial, the district court, in essence, found that Varco-Pruden substantially performed the roofing job. After subtracting delay and miscellaneous defective work damages from the lien amount, the district court awarded Varco-Pruden $127,180.89 plus interest and attorney's fees. The cost for the insulation and other materials is included in this figure. Hermann agrees that Varco-Pruden substantially performed the roofing job.

## DISCUSSION

On appeal, Hermann argues that the district court erred in finding that the defects in the eaves are not functionally substantial.

This argument has merit. Findings of fact of the district court will not be set aside unless clearly erroneous. Trident Construction Corp. v. West Electric, Inc., 105 Nev. 423, 427, 776 P.2d 1239, 1241 (1989). Here, there is no support in the record for the

district court's finding. The district court had earlier found that all experts from both parties, and a vice-president for construction services from AMCA (Chris Boerup), admitted there were some eave defects. In addition, after confessing that the eaves needed to be repaired, Boerup testified that Varco-Pruden was willing to remedy the problem with the eaves. Finally, the district court openly acknowledged that it was most convinced by Varco-Pruden's own expert, Dr. Fisher. Dr. Fisher testified that the eaves needed to be fixed; if the problem was not corrected, there was a possibility that the portion of the roof near the eaves would blow off. Inexplicably, the district court ignored this evidence and its own earlier findings. Therefore, because the district court's finding that the defects in the eaves are not functionally substantial is clearly erroneous, this finding must be set aside.

Next, Hermann asserts that even though Varco-Pruden substantially performed the roofing job, the district court erred by not reducing the lien amount by the cost of repairing the eaves.

This assertion has merit. In Nevada, if a party has substantially performed, it may recover the full contract price minus the necessary expenses to complete the bargained for performance. Thompson v. Herrmann, 91 Nev. 63, 68, 530 P.2d 1183, 1186 (1975) (quoting Little Thompson Water Ass'n v. Strawn, 466 P.2d 915, 917 (Colo. 1970)). Contrary to Varco-Pruden's position, the measure of damages is not the difference in value between the roof as constructed and the roof as contracted for, because repairing the eaves will not result in economic waste. Fairway Builders Inc. v. Malouf, Etc., 603 P.2d 513, 524-525 (Ariz.App. 1979). Accordingly, Varco-Pruden's award must be reduced by the amount needed to fix the eaves. There is no dispute that this cost is $25,000.00.

Finally, Hermann maintains that Varco-Pruden bore the risk of loss for the damaged insulation and other materials. Thus, Hermann contends that the district court erred by awarding compensation to Varco-Pruden for the loss of these materials.

This contention has merit. This is not a sales subcontract, but rather one for the incorporation of labor and materials into a building. Mainland v. Alfred Brown Co., 85 Nev. 654, 656, 461 P.2d 862, 864 (1969). Therefore, because the subcontract does not have a provision allocating which party should bear the risk of loss for delivered but uninstalled materials, the risk of loss is borne by Varco-Pruden. Lincoln Welding Works, Inc. v.

568

Ramirez, 98 Nev. 342, 346, 647 P.2d 381, 384 (1982) (quoting *Mainland,* 85 Nev. at 656, 461 P.2d at 864). The oral agreement to help pay the costs of the materials is not an enforceable contract because it is not supported by additional consideration. *Mainland,* 85 Nev. at 656, 461 P.2d at 864. Hence, the district court erred in awarding these damages to Varco-Pruden.

Therefore, we affirm in part and reverse in part the judgment below. We further remand this case to the district court for findings consistent with this opinion and to adjust the amount of Varco-Pruden's judgment accordingly.

Having considered the parties' remaining arguments, we conclude they lack merit.