MARVIN D. BURROWS, WARREN J. MAXEY, M & B
    WHOLESALE BAIT, a Partnership, SYLVIA ABRIL
    AND ALFRED ABRIL, Appellants, v. PROGRESSIVE
    CASUALTY INSURANCE COMPANY, Respondent.

No. 21484

November 4, 1991                                820 P.2d 748

*Jonathan C. Reed* and *David Abbatangelo,* Las Vegas, for
Appellants.

*William L. Wolfbrandt,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a declaratory judgment holding that the
insurance policy issued by respondent to appellants Marvin D.

Burrows and M & B Wholesale Bait did not cover the injuries sustained by appellants Sylvia and Alfred Abril in an automobile accident. For the following reasons, we reverse the judgment and remand back to the district court for further proceedings consistent with this opinion.

In 1982, Marvin D. Burrows ("Burrows") and Warren J. Maxey ("Maxey") formed a partnership, called M & B Wholesale Bait ("M & B"), to buy and sell fish. The business also included delivering fish to various locations. In 1984, to accomplish the deliveries, M & B purchased a 1984 International two and one-half ton truck and a 1984 International truck. The two trucks were specially equipped to haul fish.

M & B purchased business auto insurance from respondent Progressive Casualty Insurance Company ("PCIC"), covering the two International trucks. The policy was issued on December 19, 1985, covering through December 19, 1986, and it was renewed for the period of December 19, 1986, through December 19, 1987. The policy declaration named both "Marvin Burroughs[1] and M & B Wholesale Bait" as the named insured.

Burrows and Maxey each personally owned a pickup truck. Burrows owned a Chevy Luv pickup truck, and Maxey owned a 1984 Ford pickup truck. During December of 1985 through December of 1986, these trucks "sometimes" hauled the small deliveries for M & B.

In December of 1986, Maxey flew to New Mexico to visit his family during the Christmas holiday season. Maxey left his 1984 Ford pickup at Burrows' house and gave Burrows the keys. While Burrows drove his partner to the airport, Maxey authorized Burrows to use the truck if anything came up. During Maxey's absence, Burrows used Maxey's pickup truck only one time; on December 30, 1986, in the course and scope of M & B's business, Burrows was delivering fish. En route, Burrows caused a traffic accident, injuring the Abrils.

The Abrils filed a tort claim[2] against M & B, Burrows, and Maxey. Thereafter, PCIC filed this declaratory action, seeking a declaration that its issued policy did not cover the damages sustained by the Abrils. Basing its decision on exhibits, trial

---

[1] A misspelled name for appellant Burrows.

[2] The record indicates that the tort claim is pending in Abrils v. M & B Wholesale Bait, Marvin Dewey Burrows, & Warren Maxey, Case No. A270446. Plus, there was an earlier declaratory action, Northwest Farm Bureau Insurance Company v. Burrows et al., Case No. A268889, where Burrows' personal auto insurance company denied coverage, alleging the truck was furnished to Burrows for his regular use. Yet after taking the depositions of Burrows and Maxey, Burrows' insurer paid the policy limits of $50,000 to each of the Abrils.

briefs, and oral arguments, the district court found that the personal vehicles of Maxey and Burrows were furnished for the regular use of M & B and that, consequently, coverage for the Abrils' injuries was precluded under the policy's omnibus clause.

On appeal, appellants argue that the district court erred in declaring that the insurance policy did not cover the automobile accident because Maxey's 1984 Ford pickup truck was not furnished for Burrows's "regular or frequent use," and thus the accident is covered under the policy's omnibus clause. In response, PCIC asserts that appellants misconstrue the real issue and that the dispositive question is whether the 1984 Ford pickup truck was furnished for the "regular or frequent use" of M & B.

An insurance policy is a contract; as such, the policy is enforced according to its terms so as to effectuate the parties' intent. Sullivan v. Dairyland Insurance Co., 98 Nev. 364, 366, 649 P.2d 1387, 1388 (1982). We agree with PCIC's articulation of the issue: whether Maxey's 1984 Ford pickup was furnished for the "regular or frequent" use of M & B. The insurance policy provided:

> *We* will pay, on behalf of an *insured,* damages other than punitive damages for which any *insured* is legally liable because of *bodily injury* and *property damage* caused by *accident* and resulting from the ownership, maintenance, or use of *your insured auto. We* will not pay more than the Limits of Liability shown in the Declaration for all damages resulting from one *accident.*

(Emphasis in original.) The term "insured" is further defined as:

> When used in *PART I, "Insured"* means:
> 1. *You* while driving *your insured auto.*
> 2. *You* while driving any auto other than *your insured auto,* except:
>     . . . .
>     b. *autos* furnished for *your* regular or frequent use.

(Emphasis in original.) The terms "You" and "your" were defined as "the person or organization shown in the Declarations as the named insured." Under the omnibus clause, coverage extended to the insured named in the declaration when driving a vehicle not insured under the policy issued by PCIC. But this extended coverage was precluded if that vehicle was furnished for the named insured's "regular or frequent use." The insurance policy lists both "Marvin Burroughs and M & B Wholesale Bait" as the named insured. Therefore, we hold that if any non-listed

vehicle was furnished for the "regular or frequent use" of either Burrows or M & B, extended coverage was precluded.

In the lower court, the parties focused on whether Maxey furnished his 1984 Ford pickup for Burrows' "regular or frequent use." As a result, the record is devoid of evidence, except for scant implications, of whether Maxey's and Burrows' personally owned pickups were furnished for the "regular or frequent use" of M & B. The district court's findings of fact will not be set aside unless clearly erroneous. Hermann v. Varco-Pruden Buildings, 106 Nev. 564, 566, 796 P.2d 590, 592 (1990) (citing Trident Construction Corp. v. West Electric, Inc., 105 Nev. 423, 427, 776 P.2d 1239, 1241 (1989)). We conclude that there is insufficient evidence to support the district court's finding. Hence, we remand this matter to the district court for further consideration as to whether the 1984 Ford pickup was furnished for the "regular or frequent use" of M & B.

Accordingly, the district court's judgment is reversed, and this matter is remanded to the district court for further proceedings consistent with the views expressed herein.

MOWBRAY, C. J., ROSE, STEFFEN, YOUNG, JJ., and HUFFAKER, D. J.,[3] concur.

---

[3]The Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.