KENNETH H. HARVEY AND EUPHA HARVEY, APPEL-LANTS, *v.* UNITED PACIFIC INSURANCE COMPANY, A WASHINGTON CORPORATION, RESPONDENT.

No. 22705

July 8, 1993                                           856 P.2d 240

---

[Rehearing denied February 3, 1994]

*Wm. Patterson Cashill,* Reno, for Appellants.

*Jones, Jones, Close & Brown* and *Julien G. Sourwine,* Reno, for Respondent.

## OPINION

By the Court, SHEARING, J.:

This case was first heard on appeal on March 14, 1990. A jury had awarded respondent United Pacific Insurance Company ("United Pacific") $137,654.00 in damages in an action against Kenneth and Eupha Harvey ("Harvey"). The award included $25,000 paid on the bond plus the costs and attorney fees incurred in both California and Nevada litigation. On November 28, 1990, this case was remanded to the trial court with instructions "to evaluate reasonable attorney's fees in the light of the views expressed in this order." This court said in its order of remand "[t]he magnitude of discrepancy of the award to the amount in controversy shocks our judicial conscience as excessive." The law of the case was established by that order. The reasonableness of the attorney fees was the sole issue this court questioned. No errors of law were cited.

Harvey, a drywall contractor, had purchased a performance bond from United Pacific upon which there had been a subsequent demand. Litigation ensued in California which resulted in United Pacific paying $25,000, the amount of the bond, and incurring litigation expenses. The bond contained a provision whereby Harvey was to indemnify United Pacific for "any loss, costs, charges, expense or liability . . . sustained or incurred [by reason of the bond], as well as any and all disbursements on account of costs, expenses and attorney's fees, . . . together with legal interest."

United Pacific filed suit in Nevada for indemnification of the $41,683.45 expended in the California litigation. Harvey counterclaimed against United Pacific for bad faith, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, unfair insurance practices, abuse of process, unfair trade practice, intentional infliction of emotional harm, negligent infliction of emotional harm and conspiracy. After extensive pleading, discovery and a two-week trial, a jury rejected the Harvey claims and awarded United Pacific $137,654 in damages. This was the award this court questioned and remanded for evaluation of the attorney fees.

After remand the district court held a hearing on July 3, 1991, during which the parties were allowed to present evidence and argument. Judge Recanzone subsequently concluded that he "could find no basis for reducing the judgment against the defendants" and affirmed the award "in all respects." Judge Recanzone stated the basis for his decision as follows:

> The indemnity contract between plaintiff and defendants specifically provided for the payment by defendants of all costs and attorney's fees incurred by plaintiff in enforcing its rights under the indemnity agreement. Plaintiff, in enforcing the terms of its agreement with defendants, was by the filing of a counterclaim against it forced into not only presenting its claim but defending against a counterclaim, based on the same contract, which counterclaim was eventually rejected by the jury. The lawsuit which was generated by the filing of the Complaint by plaintiff could under no circumstances be considered as "a simple collection action."

> The attorney's fees included in the jury's verdict, and the judgment rendered thereon, were not an "award of attorney's fees by the court" by virtue of "statute," "rule" or "provision of an agreement between the parties for an award of attorney's fees to the prevailing party," but were found by the jury as an item of damages as set forth in the indemnity agreement.

Findings of fact must be upheld if supported by substantial evidence and may not be set aside unless clearly erroneous. Trident Construction v. West Electric, 105 Nev. 423, 776 P.2d 1239 (1989). In this case we have two separate findings that the attorney fees were reasonable, first by a jury under instructions which this court has already ruled were appropriate, and then by the trial judge after taking additional evidence after remand. Although on initial review the total amount of costs and attorney fees awarded by the jury seemed excessive to this court, the trial judge who participated in the proceedings is in a better position to make that determination and his findings should not be disturbed unless clearly erroneous.

In its original order of remand this court mentioned only the amount in dispute in relation to the reasonableness of the attorney fees. Clearly, other factors listed in SCR 155 to be considered in determining reasonableness are important in this case, such as the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly and the experience, reputation and ability of the lawyers involved.

There was substantial evidence to support the finding that the attorney fees were reasonable in the light of the entire conduct of the proceedings. This court was under the misapprehension that the original action was for a $25,000 collection under the indemnity agreement. Actually, the original Nevada suit was for $41,618.95, which included $16,618.95[1] attorney fees and costs incurred by United Pacific in California litigation on the performance bond. It is clear that under the terms of the indemnity agreement in the original bond, Harvey was liable for these attorney fees. This is especially appropriate when the evidence showed that in the California litigation the Harveys insisted that United Pacific not pay any sums in resolution of the claims and then failed to cooperate with United Pacific in either the prosecution or settlement of the litigation.

The remaining sum of the jury award, $96,759.79, was the costs and attorney fees in the Nevada action. Of that sum, $7,923.19 was for out-of-pocket costs. Therefore, the attorney fees in question are $88,836.60. There is ample evidence in the record to support the trial judge's determination that the nine theories of liability advanced in the counterclaim were inextricably intertwined with the action under the indemnity contract and

---

[1]The proof at trial was $15,894.21 in attorney fees.

that the fees expended in defense of those claims were properly chargeable to Harvey under that contract. The jury did not have an opportunity to make a specific finding to the effect that the counterclaims were frivolous and interposed solely for the purpose of obstructing the indemnity claim, but its verdict supports that view, and the trial judge, in effect, made that finding.

The record discloses other tactics by Harvey which the trial court apparently deemed obstructionist, including an inappropriate attempt to transfer the action to federal court, filing of a third party complaint against United States Fidelity and Guaranty Company and filing innumerable pleadings. The trial judge found that the trial could and should have been a week shorter "[s]ave and except for the repetitious questions asked by counsel for the defendants as to each witness presented, and constant, and for the most part unwarranted, objections to testimony and the admission of evidence by defendants' counsel." The trial judge went on to find as follows:

> Outside the record, the Court met with counsel on a weekend between the two weeks of trial to settle jury instructions. Voluminous instructions were proposed to the Court by the defendants on every conceivable theory of law which, in the main were not encompassed in the pleadings or the proof. After having once settled the instructions, the Court was faced with an additional barrage of instructions from the defendants at the conclusion of the case and before its presentation to the jury, which again urged theories not pleaded or proved. By virtue of the defendants' conduct in the framing and presentation of the issues, the matter could not under any circumstances be conceived as a simple collection action but rather became a difficult and time consuming effort on behalf of plaintiff's counsel and the Court to bring the matter to a final resolution.

Ordinarily a plaintiff alleging the nine causes of action found in the counterclaim would not be subjected to payment of such a large amount in attorney fees, even upon losing. However, here we have a particular case in which we have not only an indemnity contract specifically providing for payment by the Harveys of all costs and attorney fees incurred under the indemnity agreement; we also have a finding of fact that the counterclaims had no merit, but were interposed merely to defeat the indemnity claim.

Both the jury and later the trial judge found the attorney fees necessary and reasonable under the special circumstances of this case. This finding is supported by substantial evidence in the record. Therefore, we affirm the judgment of the trial court.

STEFFEN and YOUNG, JJ., concur.

SPRINGER, J., with whom ROSE, C. J., agrees, dissenting:

As the Majority points out, the "reasonableness of the attorney fees was the sole issue [that] this court questioned." In our Order of Remand, we held that the "fees related to the collection action" were "clearly excessive" and that they "must be vacated." This is the law of the case; or, rather, it *was* the law of the case until Judge Recanzone determined that our calling this a collection action was "ludicrous"[1] and "affirmed in all respects"[2] the fee award that this court adjudged to be so clearly excessive that it had to be vacated.

In affirming his own judgment Judge Recanzone did not make any "[f]indings of fact" in this jury case, as suggested by the Majority; rather, he simply "respectfully disagree[d] with the reasoning of the Order of Remand" and overruled as a matter of law our Order vacating the fee award. Judge Recanzone has "respectfully" corrected this court's characterization of the case as a collection action and has ruled, contrary to our Order of Remand, that the jury award included as "elements of damage" not only fees related to collection on the $25,000.00 bond but also "in defending . . . the counterclaim of the defendants." This ruling is incompatible with our Order of Remand, wherein we addressed only "fees related to the *collection action.*" (Emphasis added.)

Judge Recanzone's Decision decided an issue that has not as yet been considered by this court, namely, whether United Pacific is entitled, solely based on the wording of the indemnity contract, to recover attorney's fees incurred by United Pacific for the defense of the Harveys' tort claim. I respectfully submit that until *this court* rules on that critical question, the Harveys cannot justly be compelled to pay the attorney's fee award which this court has previously vacated. If, as I believe to be the case,[3] the

---

[1] United Pacific Ins. Co. v. Harvey, Case No. CI 8128, Third Jud. Dist. Ct., Lyon County, at 3 (decision filed September 12, 1991).

[2] *Id.* at 9.

[3] The jury was instructed (Instruction No. 18) that if its verdict was *in favor of United Pacific,* it could then award "[a]ll costs, expenses and attorneys' fees it has incurred in this case." In his affirmance of the district court judgment, however, Judge Recanzone, ruled that the award did not depend on "an agreement between the parties for an award of attorney's fees to the prevailing party." Thus, it would appear from the judge's written Decision that United Pacific was entitled to recover any tort defense fees and costs that it incurred even if it lost the lawsuit. That United Pacific should be entitled to recover attorney's fees for defending the Harveys' tort claims even if the Harveys won the lawsuit seems to me to be a rather extravagant position for the district court to take. I note that the indemnity contract does not provide anything to the following effect: "If the Contractor should find it necessary to sue the Surety in tort or for any other cause, the Surety shall be

agreement of the parties does not permit United Pacific to recover attorney's fees when it is sued for a tort, then this case should be remanded to a district judge who is willing to follow our Order of Remand and to "evaluate reasonable attorney's fees" as "related to the collection action." If, on the other hand, this court were to hold that United Pacific is entitled to recover tort defense fees, even when it does not prevail (*see supra* note 3), then, the jury award may very well not be, as we said in our Order of Remand, "clearly excessive." It should be this court, however, and not the district court, that makes these rulings; and, for so long as we permit the district court's Decision to stand as the law of the case, I cannot quarrel with Judge Recanzone's use of the term "ludicrous" in describing our actions in this case.

The Majority's uncritical acceptance of Judge Recanzone's legal ruling that the indemnity contract entitled United Pacific to recover tort defense fees and costs casts this case in an entirely new light. Our Order of Remand is solely concerned with clearly excessive fees related to United Pacific's *collection* on sums that it claims to be due under a $25,000.00 bond. Now an entirely different question has emerged, namely, whether the fee award is excessive if it were seen as encompassing both collection fees *and* defense fees. Before the Harveys are required to pay hundreds of thousands of dollars in tort defense fees,[4] they are entitled to a carefully-considered decision by *this court* as to the Harveys' obligation under the indemnity contract to pay United Pacific's tort defense fees.

I dissent not because of this court's decision but because of its *indecision.* I do not understand how the fee award can be affirmed until this court addresses the scope-of-allowable-fees issue that was decided by Judge Recanzone when he "affirmed" his own district court judgment "in all respects."

---

entitled to recover all attorney's fees or costs expended in the defense of such claims, irrespective of who prevails." The indemnity agreement does provide for payment of fees and costs "deemed necessary" by the Surety when any "claim, demand, suit or judgment upon said bond" is asserted. This does not say to me that the Harveys must pay defense costs if they decide to sue United Pacific.

[4]Three years ago, our staff advised us that the judgment was then "in excess of $225,000.00 and climbing."