Springer, J.,
with whom Steffen, J., agrees,
dissenting:
As recognized by the Majority, a holder is deemed to have notice of an infirmity in a note when the holder has actual notice, “or has a reason to know of the defect under the circumstances.” The trial court, after hearing all the evidence in this case, concluded that Mr. Tipton “did not act in a reasonable manner in accepting assurances by his assignor that the note was unencumbered” and held that “a reasonable person would have further inquired as to any defects and deficiencies with the note.”
I agree with the trial court that Tipton “failed to meet his duty of inquiry and that failure to meet his duty of inquiry caused him to not be a holder in due course.” Tipton had “reason to know” of the defects because, as recognized by the trial court, he had a close business association with AGI, he had had prior financial dealings with AGI, he had knowledge that AGI was seeking capital through investment packages. Language in the note referring to the installment agreement also supports the district court’s conclusion that Tipton had reason to know about, or at least to inquire into, deficiencies inherent in this transaction.
My review of the record reveals “substantial evidence ... to support the district court’s conclusion that Tipton did not constitute” a holder in due course. In my view, there is ample evidence to support the conclusion that Tipton did not act in a reasonable manner and that he had reason to know of defenses to the note. This was a “judgment call” by the trial court, and I would not interfere with it. See Burrows v. Progressive Casualty Ins., 107 Nev. 779, 782, 820 P.2d 748, 750 (1991) (“The district court’s finding of fact will not be set aside unless clearly erroneous.”).