Young, J.,
dissenting:
Because I believe the district court did not err in refusing to supply the “adverse inference” jury instruction, I respectfully dissent.
The majority correctly points out that a disputable presumption, “evidence willfully suppressed would be adverse if produced,” exists in our statutory scheme. NRS 47.250(3). Therefore, if the trial court finds that relevant evidence is willfully suppressed, the presumption arises. Thus, “a trial court. . . has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior.” Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) (emphasis added). I emphasize that the trial court possesses broad discretion in determining whether it finds that an “adverse inference” jury instruction is warranted under the specific facts of a case.
The majority seemingly superimposes its judgment over that of the district court by concluding that simple “housecleaning” removal of apparently unimportant first aid logs is a “willful suppression” of documents necessary to Reingold’s litigation. I cannot join the majority in usurping the district judge’s role in implementing his discretion and view of the facts. See Hermann Trust v. Varco-Pruden Buildings, 106 Nev. 564, 566, 796 P.2d 590, 595 (1990) (holding that a trial court’s findings of fact will not be overturned absent clear error).
“Willful” is defined as “done deliberately” and “intentional.” Webster’s Ninth New Collegiate Dictionary 1350 (1983). To me, willfully suppressing the logs means that Wet ’N Wild purposely, deliberately, knowingly, intentionally sought to frustrate Reingold’s efforts at a successful litigation against Wet ’N Wild. I do not believe that the record reflects this type of conduct. Rather, I am in agreement with the lower court, which had the opportunity to observe the demeanor and evaluate the credibility of the witnesses, that Wet ’N Wild innocently chose to routinely destroy the first aid logs.
Additionally, the logs contain mostly information about all minor scrapes, cuts, and bruises relating to any patron of the waterpark throughout the entire season. As the majority points out, the United States Court of Appeals for the Ninth Circuit requires only “simple notice of ‘potential relevance to the litigation’ ” as a prerequisite to the “adverse inference” jury instruc *974 tion. Glover, 6 F.3d at 1329-30 (quoting Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991)).
I submit that these logs, by themselves, do not contain the “potential relevance to the litigation” necessary to give Wet ’N Wild “simple notice” sufficient to require continued possession of the logs for this particular lawsuit. I find it especially noteworthy the logs were destroyed as long as two years before Reingold filed his complaint. The record does not indicate that Reingold gave Wet ’N Wild any other notice of his litigation prior to the routine destruction of the logs.
By destroying records of these minor injuries, I seriously doubt that Wet ’N Wild had any intent specifically to thwart Reingold’s litigation. As these logs were totally unrelated to Reingold’s accident, I believe their destruction had little, if any, impact on the success of his lawsuit. This is especially persuasive in light of the fact that the jury found Reingold to be as much as eighty percent at fault for his own injuries.[1]
Further, Reingold’s purpose in requesting the logs during the discovery phase of the lawsuit was to inquire about other similar accidents occurring in the same area. Therefore, I submit reversal of this case is unwarranted because Reingold did present ample evidence of prior accidents, and, although not presented at trial, he did have information regarding subsequent accidents.
Accordingly, I respectfully submit that the district court did not abuse its discretion by refusing to provide the adverse inference instruction.

 In light of the strong jury verdict in favor of Wet ’N Wild, I believe that had the instruction been required, as the majority contends, the district court’s failure to give it was harmless error and reversal is unnecessary. See NRCP 61.