# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERSON, LTD., A NEVADA DOMESTIC PROFESSIONAL CORPORATION, D/B/A PARK HILL FAMILY PRACTICE; AND CHARLEZETTA ROBERSON, AN INDIVIDUAL,
Appellants,
vs.
SAHARA & TENAYA, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 65613

FILED

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a contract action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Respondent entered into a commercial lease agreement with Roberson, Ltd., subject to Charlezetta Roberson's personal guaranty. The lease's termination date was March 31, 2015, but Roberson, Ltd. voluntarily left the space on October 31, 2012, after which respondent sued appellants for breach of the lease and guaranty. Summary judgment was entered in favor of respondent as to liability. The parties stipulated that in lieu of a trial, they would address damages by briefing and oral argument, following which, the district court entered a judgment for $78,035.55 in damages. Appellants appeal only the damages decision.

Having considered the briefs and record, we perceive no reversible error in the district court's damages award. The award reflects the total amount due on Roberson's lease plus a re-let commission fee and credits Roberson for payments made plus the full amount of the new

tenant's lease payments. Substantial evidence supports the calculation, including counsel's affidavit, respondent's declaration, the leases, billing statements, and an invoice and check for the commission. *Trident Constr. Corp. v. W. Elec., Inc.*, 105 Nev. 423, 427, 776 P.2d 1239, 1242 (1989) ("Where the trial court, sitting without a jury, makes a determination predicated upon conflicting evidence, that determination will not be disturbed on appeal where supported by substantial evidence.").

Although appellants do not argue in terms of the applicable substantial-evidence standard, they appear to argue that $31,050 of the damages award is not supportable because Roberson was responsible for base rent plus $1,150/month for common area maintenance charges (CAMs), but the new tenant's lease provides for one monthly payment inclusive of base rent and CAMs. According to appellants, this results in the "CAM amounts being expressed quantitatively in [Roberson's] lease and much more vaguely in the new tenant's lease[,]" such that it "would be fundamentally unfair to charge [appellants] for 26 months of future expenses that the new tenants are actually paying on a 'pay as you go' approach." Appellants argue that because actual CAMs from January 2013 (beginning of new lease) to March 2015 (end of Roberson's lease) are unknown and may be adjusted by respondent, the only option is to eliminate all $31,050 attributable to CAMs from the damage award to avoid a potential windfall to respondent. Appellants' argument fails to acknowledge that respondent presented substantial evidence showing the difference between appellants' and the new tenant's total monthly payments, and, thus the court properly rejected that argument, finding that there was no basis for requiring a landlord to wait until the original commercial lease ends to calculate damages. Moreover, the damages

calculation fully credited appellants for the new tenant's entire monthly payment for the time remaining on appellants' lease.[1] Accordingly, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Adriana Escobar, District Judge
Paul H. Schofield, Settlement Judge
The Law Office of Dan M. Winder, P.C.
Eglet Prince
Eighth District Court Clerk

---

[1] To the extent that appellants make additional arguments, those arguments lack either cogency or merit and do not warrant reversal.

[2] Respondent's motion to dismiss this appeal is denied.