# IN THE SUPREME COURT OF THE STATE OF NEVADA

NIKOLETA UZUNOVA,
Appellant,
vs.
MARIYA ILIEVA, AN INDIVIDUAL,
Respondent.

No. 74987

**FILED**

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Appeal from a judgment, entered after a bench trial, in a business dispute. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant and respondent are daughter and mother who disputed the ownership of a business that bought, sold, and flipped properties. The district court found that appellant made some capital contributions to the business, such that she owned 20% of the business and respondent owned 80%. After the district court denied appellant's motion to alter or amend the judgment, appellant filed this appeal.

Appellant's briefs focus on allegedly erroneous findings of fact made by the district court or argue that the findings had no evidentiary support, but they do not identify any facts or evidence that the district court failed to consider.[1] "Where the trial court, sitting without a jury, makes a determination predicated upon conflicting evidence, that determination will

---

[1]Appellant also argues that where there is a transfer between a parent and child, there is a presumption that such a transfer was a gift, which must be overcome by clear and convincing evidence. As appellant alludes to in her briefs, we have not adopted such a presumption, and thus, the appropriate inquiry is whether the district court's findings on this issue are supported by substantial evidence.

19-26035

not be disturbed on appeal where supported by substantial evidence." *Trident Constr. Corp. v. West Elec., Inc.*, 105 Nev. 423, 427, 776 P.2d 1239, 1242 (1989). "Substantial evidence is that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Radaker v. Scott*, 109 Nev. 653, 657, 855 P.2d 1037, 1040 (1993) (quoting *State Emp.'t Sec. v. Hilton Hotels Corp.*, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986)). "Accordingly, a district court's findings will not be set aside unless they are clearly erroneous." *Id.* (citing *Hermann Tr. v. Varco-Pruden Bldgs.*, 106 Nev. 564, 566, 796 P.2d 590, 592 (1990)). Further, this court will not reweigh a district court's credibility determination on appeal. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 487, 117 P.3d 219, 223 (2005). Here, the district court's findings are supported by substantial evidence, including evidence of respondent's monetary contributions to the business, her efforts to start the business, her work within the business, and an expert report regarding each party's contributions to the business. Moreover, the district court determined that appellant, appellant's expert, and that expert's report, lacked credibility, which we decline to reweigh on appeal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering*, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Mark R. Denton, District Judge
Nikoleta Uzunova
Mariya Ilieva
Eighth District Court Clerk