*1336
 
 OPINION
 

 Per Curiam:
 

 Jamie Lynn Jones appeals the district court’s order dismissing without prejudice her suit alleging that the respondents, who are all health care professionals, were negligent in maintaining medical records and that they provided false information to the Nevada Department of Investigation (NDOI) upon which the State relied to file criminal charges against her. Jones’ complaint sets forth five causes of action: negligence, malicious prosecution, intentional infliction of emotional distress, false light/invasion of privacy and defamation per se. The district court relied upon NRS 41A.016, which requires that the Nevada Medical Legal Screening Panel (Screening Panel) review all medical malpractice claims before a district court can properly assume jurisdiction.
 
 [1]
 

 Jones contends that the district court erred when it characterized her intentional tort causes of action as medical malpractice claims which must be submitted to the Screening Panel prior to filing suit in district court. For the reasons stated below, we conclude that Jones’ argument has merit. We vacate in part the dismissal order of the district court and remand for further proceedings consistent with this opinion.
 

 Jones underwent spinal fusion surgery in February 1991 to remedy a back injury. After her surgery she sought treatment at the Eastern Nevada Medical Group in Ely to relieve her pain; doctors at the Eastern Nevada Medical Group prescribed drugs to alleviate her pain. In October 1991, Dr. Strumillo and Dr. Wilkin prescribed pain medication for Jones. Dr. Strumillo also recommended that she undergo a magnetic resonance imaging test (MRI test). Jones alleges that when she returned to the William B. Ririe Hospital Clinic to obtain the result of the MRI test, respondent Kimberly Cunningham, a hospital employee, became agitated with her and contacted NDOI to report that Jones attempted to obtain controlled substances through prescription.
 

 Respondent Strumillo referred Jones to a doctor in Las Vegas who diagnosed the cause of her pain as an unstable spine. The
 
 *1337
 
 doctor referred Jones to respondent Thalgott for further fusion surgery. In November 1991, Dr. Thalgott prescribed additional pain medication for Jones. In the medical records, Dr. Thalgott noted the various prescriptions Jones was already taking.
 

 As a result of Cunningham’s report, NDOI began investigating Jones. NDOI asked Dr. Wilkin, Dr. Strumillo and Dr. Thalgott to sign affidavits stating that Jones failed to inform them that she was receiving prescription pain medicines from other sources when they prescribed pain medicines for her. All three doctors signed the affidavits. On March 23, 1992, the State filed a criminal complaint that charged Jones with four counts of unlawfully obtaining controlled substances in violation of NRS 453.391.
 
 [2]
 
 The State based the charges on the affidavits of Dr. Wilkin, Dr. Strumillo and Dr. Thalgott. The State subsequently dismissed all charges against Jones.
 
 [3]
 
 After the district court dismissed the criminal case against Jones, she filed this action against Dr. Wilkin, Dr. Strumillo, Dr. Thalgott, Kimberly Cunningham and the William B. Ririe Hospital Clinic.
 

 Respondents’ argument that NRS 629.061(4) provides absolute immunity to all parties is without merit.
 
 [4]
 
 The immunity NRS 629.061(4) provides to health care professionals for disclosing medical records is limited to certain investigators. The statute does not cover disclosure to the Investigation Division of the Department of Motor Vehicles and Public Safety when investigating drug offenses. Furthermore, the doctors here did not disclose their records, but rather signed affidavits which the plaintiff alleges are false. The legislature did not clearly intend to grant immunity for disclosures under those circumstances.
 

 
 *1338
 
 Turning next to the district court’s finding that the claims should have been submitted to the Screening Panel, to the extent that Jones alleges intentional torts, this is not a medical malpractice case, because Jones does not accuse the respondents of failing to use reasonable care, skill or knowledge when they diagnosed and treated her back pain
 
 [5]
 
 ; rather, Jones alleges that respondents reported falsely that she obtained prescription medicines in violation of NRS 453.391. Respondents were not “render[ing] services” within the contemplation of NRS 41A.009 when they signed affidavits that led NDOI to prosecute Jones.
 

 Jones’ tort action cannot be characterized as a medical malpractice suit simply because the underlying acts are tangentially connected to doctor-patient and hospital-patient relationships. Obviously, every tortious act that a health care professional commits cannot be described as medical malpractice. Jones’ intentional tort claims do not constitute a malpractice action and are not covered by NRS 41A.016.
 

 Jones’ allegations of negligent maintenance of medical records are properly characterized as medical malpractice. We therefore affirm the district court’s dismissal without prejudice of those claims.
 

 We hold that NRS 41A.016 does not preclude Jones from bringing an action in district court alleging intentional torts. We vacate the order of the district court as to the intentional tort claims and remand this matter for further proceedings consistent with this opinion.
 

 [1]
 

 NRS 41A.016 states, in pertinent part: “(1) No cause of action involving medical malpractice may be filed until the medical malpractice case has been submitted to an appropriate screening panel and a determination made by such panel as provided in NRS 41A.003 to 41A.069.”
 

 [2]
 

 NRS 453.391 states that: “A person shall not: .... 2. While undergoing treatment and being supplied with any controlled substance or a prescription for any controlled substance from one practitioner, knowingly obtain any controlled substance or a prescription for a controlled substance from another practitioner without disclosing this fact to the second practitioner.”
 

 [3]
 

 Jones alleges that the State dismissed the criminal charges because the respondents refused to testify at trial. The respondents deny this allegation. The record does not reveal why the State decided not to prosecute Jones for violating NRS 453.391.
 

 [4]
 

 NRS 629.061(4) provides: “A provider of health care or owner or operator of an ambulance, his agents and employees are immune from any civil action for any disclosures made in accordance with the provisions of this section or any consequential damages.”
 

 A careful reading of NRS 629.061 shows that it provides immunity to health care professions for civil actions when they make disclosures of a patient’s health care records to certain agencies for specific investigations, including: (1) the attorney general for welfare fraud and industrial insurance fraud; and (2) state licensing board investigators for their respective background checks.
 

 [5]
 

 NRS 41A.009 defines medical malpractice as “the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances.”