Forrest HUMPHREY, Plaintiff—
Appellee,

v.

State of NEVADA, Defendant,

and

State of Nevada Department
of Prisons, Defendant—
Appellant.

Forrest Humphrey, Plaintiff—
Appellant,

v.

State of Nevada, Defendant—Appellee.

Nos. 02–15910, 02–15913.

D.C. Nos. CV–97–00094–KJD,
CV–97–00094–KJD/RJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 24, 2003.

Before HUG, GIBSON* and FISHER, Circuit Judges.

MEMORANDUM**

The district court awarded damages on Forrest Humphrey's claim that the State of Nevada negligently supervised his treating physician, but disposed of all other state and federal claims in favor of the State. Humphrey appeals the grant of summary judgment on his state and federal claims. The State cross-appeals the award of damages on the negligent supervision claim. We affirm.

The relevant facts are known to the parties and are discussed here only briefly and as necessary.

■ The State contends the district court lacked jurisdiction over Humphrey's state law claims because they are medical malpractice claims that should have been submitted to a screening panel pursuant to then-existing Nev.Rev.Stat. § 41A.016. As the district court found, Humphrey's claim that Dr. Bass was negligent in his treatment is a medical malpractice claim within the scope of the statute. *Jones v. Wilkin,* 111 Nev. 1335, 905 P.2d 166, 168 (1995). We disagree with the district court, however, on Humphrey's second claim. Negligent supervision claims, as a general matter, are within the scope of medical malpractice because they involve the rendering of medical services. *Id.* at 168. Nonetheless, Humphrey's claim need not have been submitted to the screening panel because, as the State conceded at oral argument, the prison infirmary is not a hospital as defined by Nev.Rev.Stat. § 449.012. *Baker v. Noback,* 112 Nev. 1106, 922 P.2d 1201, 1203 & n. 2 (1996) (statute inapplicable to clinic although underlying malpractice claim against the doctor must be submitted to a screening panel); *Barrett v. Baird,* 111 Nev. 1496, 908 P.2d 689, 698–99 (1995). Thus, we affirm the district court's determination that it had jurisdiction to hear the negligent supervision claim.

■ The State next contends the district court erred in admitting the testimony of Dr. Rimoldi. We find no abuse of

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

discretion. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir.2001). Much of the State's objection was not raised before the district court. Moreover, the State offered the district court a resolution to the problem, a resolution the district court reasonably adopted.

■ Finally, the State contends that the district court erred in finding negligent supervision. We review findings of negligence for clear error, and affirm. *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir.1995). Dr. Rimoldi's testimony is sufficiently definite to support the district court's finding that Dr. Bass breached his duty of care and that this breach caused Humphrey's injury. Moreover, the record contains sufficient support for a finding of negligent supervision.

■ Humphrey contends the district court erred in granting summary judgment against his claim that Dr. Bass and his supervisors were deliberately indifferent toward his medical needs. We review the grant of summary judgment de novo, and we affirm. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). On summary judgment, Humphrey presented no evidence that Dr. Bass, Dr. Kaiser, Leon Smith or Ron Angelone were anything more than negligent. *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ Humphrey also argues the district court erred in entering judgment in favor of Officer Palmer after trial on the remaining portion of the deliberate indifference claim. We disagree. We find no clear error in the district court's finding that Humphrey denied being injured and refused to go to the infirmary when Officer Palmer offered to take him. Although Humphrey testified to the contrary, the resolution of this evidence is a credibility determination that must be left to the district court.

■ Finally, Humphrey contends he is entitled to greater damages and to attorney's fees on his negligent supervision claims. We lack jurisdiction to hear Humphrey's appeal of attorney's fees because it was not designated in the notice of appeal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir.1999). However, we do have jurisdiction to consider the calculation of damages. *United States v. $84,740.00 Currency*, 981 F.2d 1110, 1112 (9th Cir. 1992). We affirm that calculation because it is supported by the record and Humphrey has not explained why the finding is clearly erroneous.

Each party is to bear its own costs.

**AFFIRMED.**